[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Nature of Proceedings:
CT Page 13934
In a two-count complaint dated June 1, 1999, the plaintiffs, Lilian Mertz and Donald Mertz, brought suit against the defendant, The Stop 
Shop Companies. In the first count the plaintiff, Lilian Mertz, alleges she slipped and fell on an accumulation of water in the defendant's store located at 46 East Main Street, Middletown, Connecticut. The plaintiff alleges the defendant was negligent in allowing the water to accumulate in the store. In the second count, Donald Mertz, husband to Lilian Mertz, alleges he suffered a loss of consortium as a result of the defendant's negligence.
The defendant denies that it was negligent and alleges that the plaintiff's injuries were caused by her own negligence.
II. Discussion
From the trial of August 22, 2001, the court makes the following findings.
The plaintiff, Lilian Mertz, is 78 years old. On May 25, 1997, she entered the Stop Shop it approximately 2:00 p. m. It had been raining prior to her entrance into the store.
After walking through the doors of the entrance area, Lilian Mertz walked directly towards the baskets in front of her. She was wearing sneakers. As she approached the baskets, an accumulation of water on the tile floor caused her to slip and fall. Mats did not cover the area where she slipped.
Donald Barcomb was a porter at this Stop Shop who was working on May 25, 1997. He had been employed at Stop Shop since 1994. His duties included putting mats out on wet days and trying to keep water from gathering on the floors. He used a mop and bucket to dry up the water. He had asked his manager for a dry vacuum to assist him in drying out the floors prior to May 25, 1997, however the dry vacuum on premises was not in working order.
The manager of the Stop Shop on May 25, 1997, was William Santienello. He entered the premises around 2:00 p. m. and saw the plaintiff on the floor in obvious pain. Santienello did not see any warning cones in the area near the baskets close to where the plaintiff fell. When it rains he requires a minimum of two safety cones placed in the area near the baskets and entrance. This was not done per his observations of May 25, 1997.
Anna Sapia entered the Stop Shop right behind Lilian Mertz on the day of her fall. Anna Sapia did not know Mertz. Sapia saw the plaintiff slip CT Page 13935 and fall on the tile floor as she was approaching the baskets. Sapia testified that the area where Mertz fell was wet and that she did not observe any cones in this area. There was no mat placed down where Mertz fell.
Based on the testimonial and documentary evidence presented and the reasonable and logical inferences drawn therefrom, it is determined by the preponderance of the credible and credited evidence that the plaintiff slipped and fell due to the negligence of the defendant.
The court finds that the plaintiff was a business invitee and therefore the defendant owed a duty to use reasonable care to keep its floors in a reasonably safe condition. See, Gulycz v. Stop Shop Cos., 29 Conn. App. S-19, 521, 615 A.2d 519 (1992). The court finds the defendant breached its duty to the plaintiff.
The court does find that the plaintiff was contributorily negligent. The percentage of comparative negligence attributed to the plaintiff is 25%.
Mertz suffered a left intertrochanteric hip fracture. She had surgery at Middlesex Memorial hospital and hardware was inserted in her left hip area. She was an inpatient for a period of time and underwent extensive physical therapy.
Lilian Mertz has an 8% permanent disability to her hip. She is not as mobile as she was prior to her fall. She does not garden anymore and limits her housework to a minimum because of her fractured hip. The court does find that fortunately her recovery has been very good.
The court finds that on the second count, Donald Mertz suffered a loss of consortium.
The parties represented to the court that they will decide the appropriate collateral source to be credited to the defendant.
The court finds the damages as follows:
Lilian Mertz Economic Damages $46,169.36
Non-Economic Damages $150,000.00
Gross Total $196,169.36
 Less Comparative Negligence 25% (-49,042.34)
CT Page 13936
Net Total $147,127.02
Donald Mertz Non-Economic Damages $5,000.00
 Less Comparative Negligence 25% (-1,250.00)
Net Total $3,750.00
In conclusion, judgment for the plaintiff Lilian Mertz against the defendant, Stop Shop in the amount of $147,127.02 and judgment for the plaintiff, Donald Mertz, against the defendant Stop Shop in the amount of $3,750.00
BRIAN T. FISCHER JUDGE OF THE SUPERIOR COURT